UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
EVELINA CALCANO, on behalf of herself
and all other person similarly situated,

                      **Index No. 19-CV-11385 (LTS)(GWG)**

            Plaintiffs,

v.

JONATHAN ADLER ENTERPRISES, LLC,

            Defendant.
----------------------------------------------------X

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

**KAPLAN LEVENSON P.C.**
Attorneys for Defendant
930 Sylvan Ave., Suite 100
Englewood Cliffs, NJ 07632
(212) 983-6900.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.....................................................................................................ii

PRELIMINARY STATEMENT .............................................................................................1

STATEMENT OF FACTS.......................................................................................................4

ARGUMENT
    POINT I
        PLAINTIFF LACKS STANDING TO ASSERT HER CLAIMS ...................................3

POINT II
    PLAINTIFF FAILS TO STATE A CLAIM UPON
    WHICH RELIEF MAY BE GRANTED .................................................................7

        A.    A Gift Card Is Not A Place of Public Accommodation under Title III .........................9
        B.    Gift Cards Are Goods, Not Currency .........................................................10
        C.    The ADA Does Not Require Covered Entities to Offer Specialty Goods such as Braille
            Gift Cards ...........................................................................................11
        D.    Defendant did not Fail to Offer Necessary Auxiliary Aids or Services Under the ADA
            by Not Providing Plaintiff with a Braille Gift Card ......................................12

POINT III
    PLAINTIFF'S STATE AND CITY LAW CLAIMS ALSO REQUIRE DISMISSAL.................15

CONCLUSION ....................................................................................................................15

TABLE OF AUTHORITIES

Cases

Amidax Trading Group v. S.W.I.F.T. SCR, 671 F.3d 140, 146 (2d Cir. 2011) ...............................4

Andrews v. Blick Art Materials, LLC, 268 F. Supp. 3d 381, 393 (E.D.N.Y. 2017) .....................10

Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009)............................................................................8

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) ....................................................7,8

Bernstein v. City of New York, 621 F. App'x 56, 59 (2d Cir. 2015).....................................4

Brooklyn Ctr. for Indep. of Disabled v. Bloomberg, 980 F. Supp. 2d 588 (S.D.N.Y. 2013) .........14

Calcano v. Art of Shaving-FL, LLC, No. 19-CV-10432 (GHW), 2020 WL 1989413 (S.D.N.Y. Apr. 27, 2020) ..........................................................................1

Calcano v. Swarovski N. Am. Ltd., 36 F.4th 68 (2d Cir. 2022) .............................passim

Calcano v. Swarovski N. Am. Ltd., No. 19-CV-10536 (GHW), 2020 WL 1974143 (S.D.N.Y. Apr. 24, 2020) ..........................................................................1

Camarillo v. Carrols Corp., 518 F.3d 153,155 (2d Cir. 2008)........................................13

Castillo v. John Gore Org., Inc., No. 19-CV-388 (ARR) (PK), 2019 WL 6033088, at *6 (E.D.N.Y. Nov. 14, 2019) ..........................................................................4

Cortlandt Street Recovery Corp. v. Hellas Telecomm., 790 F.3d 411, 416-17 (2d Cir. 2015) .......3

Dicarlo v. Walgreens Boot All., Inc., No. 15-Civ.-2919, 2016 WL 482982, at *2 (S.D.N.Y. Feb. 5, 2016)..........................................................................13,14

Doe v. Mut. of Omaha Ins. Co., 179 F.3d 557, 560 (7th Cir. 1999)...............................11

Dominguez v. Banana Republic, No. 19-CV-10171 (GHW), 2020 WL 1950496 (S.D.N.Y. Apr. 23, 2020)..........................................................................1,4,9,14

Dominguez v. CKE Rests. Holdings, Inc., No. 19-CV-10816 (GHW), 2020 WL 1974148 (S.D.N.Y. Apr. 24, 2020) ..........................................................................1

Feltzin v. Clocktower Plaza Properties, Ltd., No. 16-CV-4329, 2018 WL 1221153, at *5 (E.D.N.Y. Mar. 8, 2018) ..........................................................................4

Feltzin v. Triangle Props. #1, LLC, No. 14-CV-5131, 2016 WL 11599264, at *3 (E.D.N.Y. Dec. 15, 2016)..........................................................................5

Funches v. Barra, No. 14-CV-7382, 2016 WL 2939165, at *4 (S.D.N.Y. May 17, 2016) ...........12

Graves v. Finch Pruyn & Co., 457 F.3d 181, 184, n.3 (2d Cir. 2006).....…..........................12

Harty v. Nyack Motor Hotel Inc., No. 19-CV-1322 (KMK), 2020 WL 1140783, at *4 (S.D.N.Y. Mar. 9, 2020) ...............................................................................…..................................10

Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 187-88 (2d Cir. 2013) ..................................4

Krist v. Kolombos Rest. Inc., 688 F.3d 89, 97 (2d Cir. 2012)......................….........................14

Lowell v. Lyft, Inc., 352 F. Supp. 3d 248, 263 (S.D.N.Y. 2018) ..................................................15

Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992) .........................….....................................3

McCullum v. Orlando Reg'l Healthcare Sys., Inc., 768 F.3d 1135, 1147 (11th Cir. 2014) ..........13

Murphy v. Kohl's Department Stores, Inc., No. 19-CV-09921 (GHW), 2020 WL 1974261 (S.D.N.Y. Apr. 24, 2020) ...............................................................................…......................1

Nicosia v. Amazon.com, Inc., 834 F.3d 220, 239 (2d Cir. 2016)......................................................4

Range v. 535 Broadway Grp. LLC, No. 17-0423, 2019 WL 4182966, at *6 (S.D.N.Y. Sept. 3, 2019) .....................................................................................................…..........................14

Shain v. Ellison, 356 F.3d 211, 215 (2d Cir. 2004) ...........................................................................3

West v. Moe's Franchisor, LLC, No. 15-Civ.-2846, 2015 WL 8484567, at *3 (S.D.N.Y. Dec. 9, 2015) ...........................................................................................................................13

Weyer v. Twentieth Century Fox Film Corp., 198 F.3d 1104, 1115 (9th Cir. 2000) .............11

Statutes

28 C.F.R. § 36.303(c)(1)(ii) ...............................................................................................9,12

28 C.F.R. § 36.307(a) .....................................................................................................11

28 C.F.R. § 36.307(c) ...................................................................................................12

31 U.S.C. § 5114 ...........................................................................................................10

42 U.S.C. § 12181(7)(E)...............................................................................................10

42 U.S.C. § 12182(a) ....................................................................................................8,9

42 U.S.C. § 12182(b)(2)(A)(ii)—(iii)...................................................…..................................8

## PRELIMINARY STATEMENT

This brief is submitted on behalf of the defendant Jonathan Adler, Enterprises, LLC ("Defendant") in support of its motion for judgment on the pleadings pursuant to Federal Rule 12(c) for lack of standing and failure to state a claim. The Second Circuit's recent decision in Calcano v. Swarovski N. Am. Ltd., 36 F.4th 68 (2d Cir. 2022) conclusively establishes that Plaintiff lacks standing to sue for injunctive relief under the ADA. The allegations in the complaint herein, are nearly identical --but even less detailed--then those involved in the cases that were decided in the Swarovski decision. Thus, Swarovski mandates the dismissal of the ADA claims (and the supplemental New York state claims) because the complaint clearly fails to plausibly allege an injury-in-fact and an imminent future injury—which in this context requires that Plaintiff plausibly allege an intent to imminently return to Defendant's store and that she will be denied benefits there. Here, Plaintiff makes no such allegations—in fact she does not even allege that she has even been to Defendant's store--but instead alleges, in conclusory fashion, that she will immediately purchase a Braille gift card when it becomes available, which is insufficient to demonstrate standing.

A handful of plaintiffs have filed several hundred similar cases alleging almost identical allegations claiming that various retailers, restaurants, and other establishments must sell their store gift cards with Braille under the Title III of the ADA and related state law claims. These boilerplate complaints were routinely struck down by this Court for failure to state a claim under the Americans with Disabilities Act ("ADA" or "Title III") and for lack of standing.  See, e.g., Dominguez v. Banana Republic, No. 19-CV-10171 (GHW), 2020 WL 1950496 (S.D.N.Y. Apr. 23, 2020); Calcano v. Swarovski N. Am. Ltd., No. 19-CV-10536 (GHW), 2020 WL 1974143 (S.D.N.Y. Apr. 24, 2020); Calcano v. Art of Shaving-FL, LLC, No. 19-CV-10432 (GHW), 2020 WL 1989413 (S .D.N.Y. Apr. 27, 2020); Murphy v. Kohl's Department Stores, Inc., No. 19-CV-

09921 (GHW), 2020 WL 1974261 (S.D.N.Y. Apr. 24, 2020); <u>Dominguez v. CKE Rests. Holdings,</u> <u>Inc.,</u> No. 19-CV-10816 (GHW), 2020 WL 1974148 (S.D.N.Y. Apr. 24, 2020). Now, with the decision in <u>Swarovski,</u> the Second Circuit has made it clear that the allegations in the complaint herein are wholly insufficient to establish Plaintiff's standing to pursue this action.

Beyond the standing issue, the complaint does not state a claim for violation of the ADA, the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"). So even if the Court declined to dismiss the complaint for lack of standing the complaint should be dismissed pursuant for failure to state a claim.

## STATEMENT OF FACTS

In the Complaint, Plaintiff alleges that she is a visually-impaired and legally blind person that resides in New York, NY. (¶ 2, 16).[1] Plaintiff alleges that on December 2, 2019, she contacted Defendant to inquire whether "Defendant sold store gift cards containing Braille," and was informed that Defendant does not. (¶11). Plaintiff does not allege the location or address of the store that she purportedly contacted, nor does she allege any details about the conversation, such as whom she spoke with. (Id.) Nor does Plaintiff even allege that she ever visited any of Defendant's stores to purchase a gift card. Rather, on the basis of this sole alleged interaction she had with Defendant via telephone in which she made no inquiries whatsoever into any other services offered with respect to the gift card, Plaintiff claims that by not selling gift cards with Braille, Defendant has failed to provide an auxiliary and/or service to the blind or vision-impaired consumers to provide effective means of communications of the terms and conditions of the gift cards in violation of the ADA.

---

[1] All references to (¶__) refer to paragraphs of the complaint, which is annexed to the Declaration of Steven M. Kaplan dated July 15, 2022 as Exhibit A.

**ARGUMENT**

**POINT I**
**PLAINTIFF LACKS STANDING TO ASSERT HER CLAIMS**

As discussed below, in light of the Second Circuit's decision in Swarovski, it is now undisputed that the allegations of the complaint herein--which are even less expansive than the allegations in the complaints that were decided in Swarovski--completely fail to establish plaintiff's standing and the complaint herein should be dismissed for lack of standing for the same reasons as set forth in Swarovski.

A claim should be dismissed for if a plaintiff fails to allege facts sufficient to establish standing under Article III of the Constitution.[2] See Cortlandt Street Recovery Corp. v. Hellas Telecomm., 790 F.3d 411,416-17 (2d Cir. 2015). The plaintiff bears the burden of "alleging facts that affirmatively and plausibly suggest that it has standing to sue." Id. at 417. In order to establish constitutional standing, a plaintiff must establish the following elements: (1) plaintiff suffered an injury in fact; (2) a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) it must be likely (and not speculatively) that the injury will be redressed by a favorable decision. Lujan, 504 U.S. at 560-61.

Article III standing further requires that a plaintiff sustain an "injury in fact" that is concrete and particularized and "actual or imminent, not 'conjectural' or 'hypothetical.' Lujan, 504 U.S. at 560. The Second Circuit has explained that the standing requirements of ADA

---

[2] Pursuant to Fed. R Civ. P. 12(h)(3), if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. If the plaintiff lacks standing, the Court lacks subject-matter jurisdiction.  Shain v. Ellison, 356 F.3d 211, 215 (2d Cir. 2004)

Title III are: "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer . . . that plaintiff intended to return to the subject location." Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 187-88 (2d Cir. 2013).

The "intent to return" element is critical. Nicosia v. Amazon.com, Inc., 834 F.3d 220, 239 (2d Cir. 2016). "Intent to return is a highly fact-sensitive inquiry that incorporates a range of factors" such as "the frequency of the plaintiff's past visits" and "the proximity of the defendant's services, programs, or activities to the plaintiff's home" along with any other factors "relevant to the calculation," including the plaintiff's "occupation or demonstrated travel habits." Bernstein v. City of New York, 621 F. App'x 56, 59 (2d Cir. 2015); see also Castillo v. John Gore Org., Inc., No. 19-CV-388 (ARR) (PK), 2019 WL 6033088, at *6 (E.D.N.Y. Nov. 14, 2019).

Plaintiff must allege enough facts for the Court to find that it is "reasonable" to infer that Plaintiff's expressed intent to return to the Defendant's property is "likely to materialize into fact sometime in the future" Feltzin v. Clocktower Plaza Properties, Ltd., No. 16-CV-4329, 2018 WL 1221153, at *5 (E.D.N.Y. Mar. 8, 2018). Hence, Plaintiff must provide the Court with some specific facts demonstrating that it is likely she will be injured by Defendant in future. Dominguez, 2020 WL 1950496, at *4, citing Kreisler, 731 F.3d at 186.

In evaluating whether a plaintiff has established standing to sue, a Court "need not credit a complaint's conclusory statements without reference to its factual context." Amidax Trading Group v. S.W.I.F.T. SCR, 671 F.3d 140, 146 (2d Cir. 2011). At the pleading stage, the plaintiff must plausibly allege facts that "affirmatively and plausibly" support each element of standing in

order to state a claim. <u>Feltzin v. Triangle Props. #1, LLC,</u> No. 14-CV-5131, 2016 WL11599264, at *3 (E.D.N.Y. Dec. 15, 2016).

In <u>Swarovski,</u> the plaintiffs challenged the district court's conclusion that their amended complaints did not plausibly demonstrate their intent to return to Defendants' stores if braille gift cards were available. The plaintiffs claimed that the district court should have accepted as true the allegations that each "Plaintiff has been a customer at Defendant's [business] on prior occasions and intends to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind." Plaintiffs also relied on their allegations that they reside in "close proximity" to Defendants' stores.

The Court rejected Plaintiff's assertion and sustained the district court's determination that these allegations failed to establish standing. The Court wrote:

> In *Kreisler,* we identified several categories of information that could be helpful in determining whether it was reasonable to infer that plaintiff intended to return to the subject location. Kreisler, the plaintiff in that case, "live[d] within several blocks of the Diner," "passe[d] by it three to four times a week," and "frequent[ed] diners in his neighborhood often." These facts "show[ed] a plausible intention to return to the Diner," which established a "sufficiently imminent and substantial" "risk of harm."

> Here, each Plaintiff pleads the identical assertion that he resides "in close proximity to" Defendants' businesses, has been a "customer at Defendant's [location] on prior occasions," and "intends to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind." These allegations parrot the court's language in *Kreisler,* and Plaintiffs characterize them as factual assertions that we must presume as true. But these assertions are nothing more than "legal conclusion[s] couched as . . . factual allegation[s]." Plaintiffs' threadbare assertions are conclusory and do not raise a reasonable inference of injury.

> Second, Plaintiffs' assertions of proximity and prior visits are vague, lacking in support, and do not plausibly establish that Plaintiffs "intended to return to the subject location." *Kreisler,* 731 F.3d at 188.

<u>Id.</u> (internal citations omitted).

Here, Plaintiff's allegations are even more threadbare than the allegations in <u>Swarovski</u>. In the complaint, Plaintiff only states she lives in New York, New York and that Defendant operates stores in the Southern District of New York. There are no allegations as to Plaintiff's exact address (or even in which county she resides), or the address of the Plaintiff's store that she purportedly called.  Unlike the complaints at issue in <u>Swarovski</u>, the complaint herein does not even make the bare conclusory assertion that she lives within "close proximity" of one of Defenadnt's stores, nor does she even allege that she was a prior customer of Defendant.  Thus, even more so than the allegations at issue in <u>Swarovski</u>, there are no allegations that could plausibly establish that she "intended to return" to the Defendant's store as she admittedly has <u>never even been</u> to Defendant's store.  These allegations are clearly insufficient to establish standing.

Lastly, the <u>Swarovski</u> Court noted:

> we cannot ignore the broader context of Plaintiffs' transparent cut-and-paste and fill-in-the-blank pleadings. The four Plaintiffs before us filed eighty-one of over 200 essentially carbon-copy complaints between October and December 2019. All of the complaints use identical language to state the same conclusory allegations. Of the roughly 6,300 words in Calcano's complaint against Swarovski, for example, only 26 words—consisting of party names, dates, and Defendants' office addresses and states of incorporation—are different from Dominguez's complaint against Banana Republic. They even contain the same typos.

> Calcano plans to travel from somewhere in the Bronx to Columbus Circle for a shaving supply gift card. And all of these plans depend on the availability of braille gift cards even though Plaintiffs never explain why they want those cards in the first place. Although we might excuse a stray technical error or even credit an odd allegation standing alone as an idiosyncratic preference—to do so here in light of the cumulative implausibility of Plaintiffs' allegations would be burying our heads in the sand. "[J]udicial experience and common sense" suggest that the errors, oddities, and omissions in the complaints are a result of their mass production, and they render each Plaintiff's cookie-cutter assertion of standing implausible.

> In sum, Plaintiffs have offered only "naked assertions" of intent to return to Defendants' stores if they offer braille gift cards. Id. at 678. This reliance on a mere "profession of an intent to return to the places" previously visited is "not enough" to establish standing for prospective relief. Lujan, 504 U.S. at 564 (cleaned up). Without any factual support for their conclusory claims, Plaintiffs have failed to establish a "real and immediate threat of repeated injury."

Id. (internal citations omitted).

The complaint in this action is one of these "transparent cut-and-paste" complaints that was filed by Calcano in December 2019 and Plaintiff's "cookie-cutter asserting of standing should be rejected. Furthermore, here, as opposed to traveling from "somewhere in the Bronx" to Columbus Circle" to purchase a gift card, we don't even know where in New York's five boroughs, Plaintiff is travelling from, or to. Lastly, Plaintiff has not alleged an "intent to return" to Defendant's store because she has not even alleged that she has been to Defendant's store. Thus, Plaintiff has failed to alleged any facts that would support a finding of standing for her ADA claims and they should be dismissed.

## **POINT II**

## **PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

Even assuming, *arguendo*, that the Court finds that Plaintiff has standing under the Title III the complaint must be dismissed for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3]

Pursuant to the now well-established Twombly standard, a complaint should be dismissed pursuant to FRCP 12(b)(6) if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

---

[3] The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim. Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).

(2007). A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Accepting all factual allegations as true and discarding any implausible or conclusory assertions, the complaint must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id.

"To state a claim under Title III, [a plaintiff] must allege (1) that she is disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against her by denying her a full and equal opportunity to enjoy the services defendants provide." Camarillo, 518 F.3d at 156.   As to the final element, Title III provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a).

42 U.S.C. § 12182(b)(2)(A)(iii) defines discrimination to include, among other things:

> a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden[.]

"Regulations promulgated under these provisions by the United States Department of Justice ("DOJ") provide that '[a] public accommodation shall furnish appropriate auxiliary aids and

services where necessary to ensure effective communication with individuals with disabilities.'" Swarovski, 36 F.4th 68, citing 28 C.F.R. § 36.303(c)(1)(concurring opinion).

The complaint alleges that (1) gift cards are goods that need to be accessible; (2) gifts cards are, like websites, places of public accommodation and therefore must be independently accessible; and (3) Plaintiff was denied access to Defendant's services when Defendant's denied her a Braille (or otherwise accessible) gift card (¶¶4, 5, 14, 24-27, 44). In the district court's decision in Dominguez v. Banana Republic, Judge Woods held that these same allegations were insufficient, and that Title III did not require merchants to provide visually impaired individuals with Braille-embossed gift cards. Dominguez, 2020 WL 1950496, at *5-11.

### A.     A Gift Card Is Not A Place of Public Accommodation under Title III

Title III prohibits disability-based discrimination "by any person who owns, leases (or leases to), or operates a *place of public accommodation*" in connection with the goods and services *"of* [that] *place of public accommodation."* 42 U.S.C. § 12182(a) (emphasis added). The statute, therefore, distinguishes between the "place of public accommodation" and the "goods" it offers to the general public. While a gift card is a "good" that may be offered by a "place of public accommodation," a gift card in and of itself cannot be a "place of public accommodation." See Dominguez, 2020 WL 1950496, at *11 ["gift cards are neither public accommodations nor are they places."]

The ADA enumerates twelve categories of places that do fall into that category (i.e., "a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment.") 42 U.S.C. § 12181(7)(E). The issue of whether or not a gift card constitutes one of these twelve places has already been squarely decided by the Court in Dominguez:

> Gift cards are not public accommodations because they fit into none of these categories; they are not places of lodging, establishments serving food and drink, places of exhibition or entertainment, places of public gathering, sales or rental establishments, service establishments, a station used for public transportation, places of public display or collection, places of recreation, places of education, social service center establishments, or places of exercise or recreation.

Dominguez, 2020 WL 1950496, at *7. By the statute's plain language, each category refers to places that offer goods and services, not to the goods or services themselves.

Courts in this district have already clearly addressed what constitutes a "place" for the purpose of Title III, which includes every "sales or rental establishment" and "service establishment", including websites. See Andrews v. Buick Art Materials, LLC, 268 F. Supp. 3d 381, 393 (E.D.N.Y. 2017); Harty v. Nyack Motor Hotel Inc., No. 19-CV-1322 (KMK), 2020 WL 1140783, at *4 (S.D.N.Y. Mar. 9, 2020) (citing cases). Gift cards are readily distinguished from these already established "places of accommodations," as gift cards do not sell or rent goods, but rather may only be used to purchase goods from a "place," such as a retailer and their respective websites. Thus gift cards cannot be a "place of public accommodation".

### B.      Gift Cards Are Goods, Not Currency

Plaintiff alleges that a gift card is "like cash" and "in that I may be used to make a purchase of goods and services at Defendant's retail locations or through Defendant's website". (¶19.) Plaintiff's attempt to equate gift cards with currency is unconvincing and without merit, as no private entity, such as Defendant, has authority to engrave or print currency, see 31 U.S.C. § 5114. Gift cards are a convenience, a gift to give someone the movie experience in this case. They are goods that are bought and sold with currency, and are not in and of itself currency. Defendant's store gift cards are redeemable only at select establishments, but currency may be used anywhere in the world, unrestricted by terms, conditions and service fees

that accompany the limitations of a store gift card. Thus, Plaintiff's analogy of store gift cards
to money misses the mark.

    **C.**    **The ADA Does Not Require Covered Entities to Offer Specialty Goods such
as Braille Gift Cards**

It is undisputable that Title III of the ADA regulates *access to* the goods a place of public
accommodation offers—not the type of merchandise a place of public accommodation sells. Title
III explicitly prescribes that it "does not require a public accommodation to alter its inventory to
include accessible or special goods that are designed for, or facilitate use by, individuals with
disabilities." 28 C.F.R. § 36.307(a). Rather, "[t]he purpose of the ADA's public accommodations
requirements is to ensure accessibility to the goods offered by a public accommodation, not to
alter the nature or mix of goods that the public accommodation has typically provided." 28 C.F.R.
pt. 36, App'x C. Thus, a plain reading of this text makes clear that Title **III** prohibits a place of
public accommodation from discriminating on the basis of disability when providing *access to
whatever goods and services ordinarily provided* at that place of public accommodation. See,
e.g., Weyer v. Twentieth Century Fox Film Corp., 198 F.3d 1104, 1115 (9th Cir. 2000); see Doe
v. Mut. of Omaha Ins. Co., 179 F.3d 557, 560 (7th Cir. 1999) ["The common sense of the statute
is that the content of the goods or services offered by a place of public accommodation is not
regulated. . . Had Congress purposed to impose so enormous a burden on the retail sector of the
economy and so vast a supervisory responsibility on the federal courts, we think it would have
made its intention clearer and would at least have imposed some standards."].

Gift cards are goods ordinarily provided by businesses, which need not be made
accessible under Title III.  Contrarily, the ADA does give examples of specialty goods that are
not mandated to be accessible by the ADA: "Brailled versions of books, books on audio

cassettes, closed-captioned video tapes, special sizes or lines of clothing, and special foods to meet particular dietary needs." 28 C.F.R. § 36.307(c). Courts in this District have held that "a camera store may not refuse to sell cameras to a disabled person, but it is not required to stock cameras specially designed for such persons," and similarly "a bookstore cannot discriminate against disabled people in granting access, but need not assure that the books are available in Braille as well as print." Funches v. Barra, No. 14-CV-7382, 2016 WL 2939165, at *4 (S.D.N.Y. May 17, 2016). Just as goods such as cameras and books are not required to be available in Braille under the ADA, so too are gift cards not required to be Braille-embossed.

### D. Defendant did not Fail to Offer Necessary Auxiliary Aids or Services Under the ADA by Not Providing Plaintiff with a Braille Gift Card

The law is clear that the ADA empowers retailers, not customers, to choose what auxiliary aid to offer, provided that the method chosen results in effective communication. 28 CFR § 36.303(c)(1)(ii) (emphasis added). As the C.F.R. explains:

> "The auxiliary aid requirement is a flexible one. A public accommodation can choose among various alternatives as long as the result is effective communication. For example, a restaurant would not be required to provide menus in Braille for patrons who are blind, if the waiters in the restaurant are made available to read the menu. Similarly, a clothing boutique would not be required to have Brailled price tags if sales personnel provide price information orally upon request; and a bookstore would not be required to make available a sign language interpreter, because effective communication can be conducted by notepad."

28 C.F.R. Pt. 36, App'x C.

Rather, the C.F.R explains that: "[t]he type of auxiliary aid or service necessary to ensure effective communication will vary in accordance with the method of communication used by the individual; the nature, length, and complexity of the communication involved; and the context in which the communication is taking place." 28 C.F.R. § 36.303(c)(1)(ii). Indeed, to interpret the

ADA to require covered entities to provide any auxiliary aid or service preferred or requested by an individual "would effectively substitute 'demanded' auxiliary aid for `necessary' auxiliary aid" in the statute and implementing regulations. McCullum v. Orlando Reg'l Healthcare Sys., Inc., 768 F.3d 1135, 1147 (11th Cir. 2014). Thus, the ADA imposes no liability if a covered entity does not offer or refuses to offer the specific auxiliary aid the plaintiff demands—which in this case is Braille-embossed gift cards. See Camarillo, 518 F.3d at 157; West v. Moe's Franchisor, LLC, No. 15-Civ.-2846, 2015 WL 8484567, at *3 (S.D.N.Y. Dec. 9, 2015); Dicarlo v. Walgreens Boot All., Inc., No. 15-Civ.-2919, 2016 WL 482982, at *2 (S .D.N.Y. Feb. 5, 2016).

Here, Plaintiff alleges that she inquired whether the Defendant's theater stocks Braille gift cards and was informed that Defendant did not. (¶11.) However, the complaint does not allege that she inquired, or that she was not offered, any other auxiliary aids alternative auxiliary aids or services available to the visually impaired.

Under even less expansive allegations in Dominguez, the court in Dominguez found that the plaintiff was not denied an auxiliary aid or service, much less one that effectively communicated information about the defendant's gift cards. See Dominguez, 2020 WL 1950496, at *11. Plaintiff even allege that she requested or inquired about any alternative axillary aids or services offered by Defendant. In fact, Plaintiff alleges she called Defendant to obtain information about gift cards over the phone, which supports that there was an avenue available to Plaintiff to figure out how to access alternate aids available for use of the card by persons with her purported disability —which she failed to take advantage of by not inquiring into same.

In fact, the allegations in the Complaint make it clear that Plaintiff did not even ask for one, much less communicate to the representative on the phone that she was blind. It is evident that Plaintiff is not interested in and/or aware of the range of auxiliary aids and services Defendant offers the visually impaired, but is only interested in compelling Defendant and various other retail establishments to sell Braille gift cards.

Since Plaintiff does not allege that she even tried to discover alternative auxiliary aids and services with respect to Defendant's gift cards, her claims for a lack of necessary auxiliary aids or services fail as a matter of law. See Dominguez, 2020 WL 1950496, at *11

## POINT III

## PLAINTIFF'S STATE AND CITY LAW CLAIMS ALSO REQUIRE DISMISSAL

Disability discrimination claims under the NYSHRL are governed by the same legal standards that govern federal ADA claims. See Graves v. Finch Pruyn & Co., 457 F.3d 181, 184, n.3 (2d Cir. 2006). Therefore, a NYSHRL claim premised on the same factual allegations as an ADA claim will fail if the ADA claim does not survive. See, e.g., Krist v. Kolombos Rest. Inc., 688 F.3d 89, 97 (2d Cir. 2012) [holding that the plaintiff's state-law claim is coextensive with her Title III claim and "thus lacks merit for the reasons discussed . . . with respect to Title III."]; Range v. 535 Broadway Grp. LLC, No. 17-0423, 2019 WL 4182966, at *6 (S.D.N.Y. Sept. 3, 2019) ["Because [plaintiff] fails to state a claim under the ADA, his NYSHRL and NYSCRL claims also fail.".

The NYCHRL "provides somewhat broader rights" than the ADA and NYSHRL, as it includes a broader definition of "disability" than the ADA, although some courts have not identified the broader prohibitions of the NYCHRL. Dicarlo, 2016 WL 482982, at *2; Brooklyn Ctr. for Indep. of Disabled v. Bloomberg, 980 F. Supp. 2d 588, 643 (S.D.N.Y. 2013). Notably, a

Southern District Jurist has held that "[w]hile it is a NYCHRL violation to *entirely exclude* a person with a disability from accessing a public accommodation," alleged barriers that do not result in "entire[] exclu[sion]" do not violate the NYCHRL. <u>Lowell v. Lyft, Inc.,</u> 352 F. Supp. 3d 248, 263 (S.D.N.Y. 2018) [emphasis added].

At bar, Plaintiff bases her NYSHRL and NYCHRL claims on the same conclusory and deficient allegations that underlie her fatal ADA claims. As Plaintiff's ADA claims require dismissal for lack of standing and for failure to state a claim, her NYSHRL and NYCHRL claims must fail as well. In addition, as Plaintiff fails to allege that she was entirely excluded from accessing Defendant's theaters, but only that certain information on Defendant's gift cards are not.

In <u>Swarovski</u>, the Second Circuit found that the district court acted within its discretion in declining to exercise supplemental jurisdiction over the plaintiffs' NYSHRL and NYCHRL claims, which like the ADA claims were nearly identical to Plaintiff's NYSHRL and NYCHRL claims herein.

## **CONCLUSION**

For the reasons set forth herein, Defendant's motion for judgment on the pleadings pursuant to Federal Rule 12(c) for lack of standing and failure to state a claim should be granted, along with other such relief as the Court deems just and proper,

Dated: New York, New York
       July 15, 2022

KAPLAN LEVENSON P.C.
*Attorneys for Defendant*
930 Sylvan Ave., Suite 100
Englewood Cliffs, NJ 07632
(201) 646-9400

By: _____
       STEVEN M. KAPLAN

{00156544.22 / 0609-002 }            15