UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

EVELINA CALCANO, on behalf of herself
and all other persons similarly situated,

        Plaintiffs,

  -v-                                         No.  19-CV-11385-LTS-GWG

JONATHAN ADLER ENTERPRISES, LLC,

        Defendant.

-------------------------------------------------------x

MEMORANDUM ORDER

        Plaintiff Evelina Calcano ("Plaintiff" or "Ms. Calcano") brings this action, on behalf of herself and all other persons similarly situated, against Jonathan Adler Enterprises, LLC ("Defendant"), asserting claims under the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL") arising from Defendant's alleged failure to offer store gift cards containing writing in braille.  (See docket entry no. 1 ("Compl.").)  Before the Court is Defendant's motion for judgment on the pleadings, to which Plaintiff has proffered no opposition.  (Docket entry no. 20 (the "Motion").)  Plaintiff asserts in her Complaint that the Court has jurisdiction of her federal claims pursuant to 28 U.S.C. section 1331 and 42 U.S.C. section 12181 and jurisdiction

of the related state and municipal law claims pursuant to 28 U.S.C. section 1367. (Compl. ¶¶ 6-7.)

The Court has reviewed carefully the submissions in connection with the instant motion. For the following reasons, Defendant's motion for judgment on the pleadings is granted.

## BACKGROUND

The following facts, drawn from the Complaint, are taken as true for the purposes of the instant motion practice. Plaintiff is a visually impaired and legally blind resident of New York City who relies on braille in order to read written material. (Compl. ¶¶ 2, 16.) Defendant is a New York domestic limited liability company that operates Jonathan Adler retail stores, as well as stores for various subsidiary companies in New York, where it sells, distributes, and advertises retail merchandise. (Id. ¶ 17.) At least one of Defendant's retail stores is located in New York City. (Id. ¶ 23.)

On December 2, 2019, Plaintiff contacted Defendant to ask whether Defendant sold gift cards containing braille, and Defendant's employees replied that such gift cards were not available. (Compl. ¶ 11.) By failing to sell braille gift cards (id. ¶ 10), Plaintiff asserts, Defendant has denied Plaintiff full and equal access to purchasing, accessing, and utilizing gift cards for Defendant's retail stores. (Id. ¶ 25.) Plaintiff further asserts that her alleged inability to access Defendant's gift cards has deterred her from visiting Defendant's physical location because she would not be able to purchase a store gift card that does not contain braille. (Id. ¶ 26.) Were Defendant to offer store gift cards containing braille, Plaintiff alleges, she would immediately purchase one. (Id. ¶ 13.) Plaintiff filed this action on December 12, 2019, seeking injunctive relief requiring Defendant to change its "corporate polices, practices, and procedures"

so that store gift cards would be accessible to, and usable by, visually impaired persons.  (Id. ¶ 5, Prayer for Relief.)  Plaintiff also seeks compensatory damages in connection with her state and municipal law claims.  (Id., Prayer for Relief.)

## Discussion

Following a stay of the case for approximately two years pending the determination by the United States Court of Appeals for the Second Circuit of a consolidated appeal involving five cases raising similar claims, Defendant now moves for judgment on the pleadings, arguing that Plaintiff lacks standing to assert her claims, and that the Court therefore lacks subject matter jurisdiction of the case.  Although "[a]n objection to standing is properly made on a Rule 12(b)(1) motion[,]" a party raising a Rule 12(b) non-waivable defense may do so after the close of pleadings by bringing a Rule 12(c) motion for judgment on the pleadings.  Williams v. City of New York, 34 F. Supp. 3d 292, 294 (S.D.N.Y. 2014) (internal quotation marks and citations omitted).  Because "[t]he standard for granting a Rule 12(c) motion is identical to that of the analogous Rule 12(b) motion[,]" the burden here is on Plaintiff "to prove by a preponderance of the evidence that jurisdiction is proper."  Id. (quoting Tasini v. New York Times, Co., 184 F. Supp. 2d 350, 353 (S.D.N.Y. 2002)).  In evaluating a motion to dismiss for lack of standing, the Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party."  Policemen's Annuity and Benefit Fund of City of Chicago v. Bank of Am., N.A., 907 F. Supp. 2d 536, 545 (S.D.N.Y. 2012) (quoting Warth v. Seldin, 422 U.S. 490, 501 (1975)).

Because "federal judicial power extends only to actual cases and controversies" pursuant to Article III, section two of the Constitution, standing is a "threshold question in every

federal case, determining the power of the court to entertain the suit." Ross v. Bank of Am., N.A. (USA), 524 F.3d 217, 222 (2d Cir. 2008) (internal quotation marks and citations omitted). "Article III standing requires plaintiffs to show (1) an 'injury in fact,' (2) a 'causal connection' between that injury and the conduct at issue, and (3) a likelihood 'that the injury will be redressed by a favorable decision.'" Maddox v. Bank of New York Mellon Tr. Co., N.A., 19 F.4th 58, 62 (2d Cir. Nov. 17, 2021) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)). A plaintiff seeking injunctive relief "may not rely solely on past injury, but also must establish that 'she is likely to be harmed again in the future in a similar way.'" Calcano v. Swarovski North Am. Ltd., 36 F.4th 68, 74 (2d Cir. June 2, 2022) (quoting Nicosia v. Amazon.com, Inc., 834 F.3d 220, 239 (2d Cir. 2016)).

The Second Circuit has held that a plaintiff seeking injunctive relief pursuant to an ADA claim has suffered a cognizable injury in fact when: "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of [the defendant's business] to plaintiff's home, that plaintiff intended to return to the subject location." Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 187-88 (2d Cir. 2013). The third factor, in particular, focuses on whether "'the risk of harm is sufficiently imminent and substantial' to establish standing." Swarovski, 36 F.4th at 74-75 (quoting TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2210 (2021)). It is insufficient for a plaintiff to solely plead "the magic words" that she "intends to return[]" to the defendant's business; rather, the plaintiff must plead sufficient facts in order to "plausibly allege[] 'a real and immediate threat of future injury.'" Id. at 75 (citation omitted). For example, in Kreisler, the Second Circuit determined that allegations that the plaintiff lived within "several blocks" of the

defendant's business, passed the defendant's business "three to four times a week," and visited other similar businesses in the neighborhood were sufficient to plausibly allege an intent to return to the defendant's business.  731 F.3d at 186-88.

In <u>Swarovski</u>, the Second Circuit applied this analysis to a scenario in which visually impaired plaintiffs in five "nearly identical" cases brought ADA claims asserting that the defendant businesses denied them access to their goods and services by failing to offer braille gift cards.  36 F.4th at 71.  In that case, the Second Circuit determined that plaintiffs failed to establish standing because they "offered only 'naked assertions' of intent to return to [d]efendants' stores if they [were to] offer braille gift cards."  <u>Id.</u> at 77-78 (citation omitted). Plaintiffs pleaded that they resided "in close proximity" to defendant's businesses, were "customer[s] at [d]efendant's [business] on prior occasions," and "intend[ed] to immediately purchase at least one store gift card from the [d]efendant as soon as the [d]efendant [were to] sell[] store gift cards . . . accessible to the blind."  <u>Id.</u> at 75 (internal quotation marks and citations omitted).  The Second Circuit reasoned that these allegations merely "parrot[ted] the court's language in <u>Kreisler</u>" and were "nothing more than 'legal conclusion[s] couched as . . . factual allegation[s][,]" that the court need not accept as true.  <u>Id.</u> at 77.

Defendant argues that Plaintiff's allegations are even more deficient than those the Second Circuit examined in <u>Swarovski</u>, and thus Plaintiff has failed to adequately allege standing.   An examination of the Complaint confirms that Plaintiff fails to allege even the "naked assertions" pled in the cases underlying the consolidated appeal in <u>Swarovski</u>.  See <u>Swarovski</u>, 36 F.4th at 77-78.  Plaintiff alleges that she is a New York City resident (Compl. ¶ 16) and that several of Defendant's retail stores are "located in the Southern District of New York" (<u>id.</u> ¶ 18).  She does not allege that she lives in "close proximity" to Defendant's stores.

Swarovski, 36 F.4th at 75.  Nor does she allege any information about where she lives within New York City, where Defendant's stores are located within New York City, or how long it takes her to travel from her residence to one of Defendant's stores.  She does not even allege that she was a customer at one of Defendant's stores on a prior occasion.  Instead, she merely alleges that she "contacted Defendant" on December 2, 2019, and "inquired if Defendant sold store gift cards containing Braille."  (Id. ¶ 11.)

Like the plaintiffs in Swarovski, Plaintiff does allege in a conclusory manner that she "intends to immediately purchase at least on store gift card from the Defendant as soon as the Defendant sells store gift cards containing Braille."  (Compl. ¶ 13.)  For the reasons explained above, this "threadbare assertion[]" does "not raise a reasonable inference of injury." Swavorski, 36 F.4th at 76; see also Mendez v. Victoria's Secret Stores LLC, No. 19-CV-9864-VEC, 2022 WL 2819055, at *2 (S.D.N.Y. July 19, 2022) (finding allegations that plaintiff intended "to immediately go purchase an accessible store gift card . . . as soon as they become available" and lived within "close proximity" to one of defendant's locations to "lack the specificity required to establish standing"); Velazquez v. Everlast Worldwide, Inc., No. 22-CV-9211-VSB, 2022 WL 16745767, at *1 (S.D.N.Y. Nov. 7, 2022) (finding plaintiff failed to adequately allege standing where allegations were "at least as conclusory as the allegations" in Swarovski).

It is Plaintiff's burden to prove that jurisdiction is proper by a preponderance of the evidence at this stage.  See Williams, 34 F. Supp. 3d at 294.  Here, Plaintiff's complaint is insufficient to demonstrate that she has standing, and Plaintiff has failed to oppose Defendant's motion.  Therefore, the Court concludes that Plaintiff has failed to adequately allege standing and dismisses Plaintiff's ADA claims for lack of subject matter jurisdiction.  The Court also

declines to exercise supplemental jurisdiction over Plaintiff's state and municipal law claims. Because the Court has determined that it does not possess jurisdiction over the dispute, it need not address Defendant's arguments as to whether Plaintiff has stated a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, Defendant's motion for judgment on the pleadings is granted in its entirety. This Memorandum Order resolves docket entry no. 20. The Clerk of Court is respectfully directed to enter judgment dismissing the case for lack of subject matter jurisdiction and close the case.

SO ORDERED.

Dated: December 28, 2022
New York, New York

/s/ Laura Taylor Swain

LAURA TAYLOR SWAIN
Chief United States District Judge